IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

RONALD MARTIN,                          :
                                        :
        Petitioner,                     :
                                        :
                                        :
        VS.                             :        1 : 12-CV-22 (CDL)
                                        :
SHEILA OUBRE, Warden,                   :
                                        :
                                        :
        Respondent.                     :

---

**RECOMMENDATION**

Presently pending in this ▪ 2254 action is the Respondent's Motion to Dismiss Successive

Petition for Lack of Jurisdiction and/or Authorization.   (Doc. 12).   The Respondent contends that

this federal habeas Petition is Petitioner's second § 2254 petition challenging his 1992 Turner

County convictions and sentences, and that this Court is without jurisdiction to consider the

Petition without prior authorization from the Eleventh Circuit Court of Appeals.

The Petitioner was convicted on one count of aggravated child molestation and one count of

enticing a child for indecent purposes in the Turner County Superior Court in 1992, and was

sentenced to thirty (30) years and twenty (20) years respectively, to be served concurrently.   The

Petitioner did not file a direct appeal from his convictions or sentences.   The Petitioner filed a

state habeas petition in the Superior Court of Bibb County on March 2, 1993.   By order dated May

12, 1994, the state habeas court granted limited relief and remanded the matter for a determination

as to whether Petitioner could pursue an out-of-time appeal.   Petitioner was granted permission to

pursue an out-of-time appeal on October 25, 1994, and filed a direct appeal of his convictions and

sentences.

On May 4, 1995, the Georgia Court of Appeals affirmed Petitioner's convictions and sentences in an unreported decision.   *Martin v. State*, No. A95A0610 (Ga. App. May 4, 1995). Petitioner filed a second motion for an out-of-time appeal, which was denied and the denial affirmed on direct appeal.   Petitioner then filed his first federal habeas petition challenging his 1992 Turner County convictions and sentences on September 14, 1998.   *Martin v. Johnson*, Civil Action No. 1 : 98-CV-207 (ODE).   By Order dated March 9, 2001, the Court denied the petition. *Id.* at Doc. 14.   Petitioner filed the present federal habeas Petition attacking his 1992 Turner County convictions and sentences on February 21, 2012.   (Doc. 1).

A petition is considered "second or successive" if it is an additional petition that "attacks the validity of [petitioner's] convictions."   *McCallum v. McDonough*, 257 Fed.Appx. 157, 159 (11th Cir. 2007).   As such, the present Petition is successive.   *Id.*   Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. ▪ 2241 et seq,

> [b]efore a second or successive application permitted by this
> section is filed in the district court, the applicant shall move in the
> appropriate court of appeals for an order authorizing the district
> court to consider the application.

§ 2244(b)(3)(A).

"Under 28 U.S.C. § 2244(b)(3)(A), [a] district court lack[s] jurisdiction to consider [a petitioner's second] request for [habeas] relief [if petitioner] had not applied to this Court for permission to file a second habeas petition."   *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997); *Hawes v. Howerton*, 260 Fed.Appx. 223 (11th Cir. 2007) ("Without prior authorization, a district court lacks jurisdiction to consider the [successive] habeas corpus petition.").

Although the Petitioner asserts that this Court has jurisdiction to entertain his second habeas petition inasmuch as it raises new grounds for relief, § 2244 clearly requires that a

petitioner obtain authorization prior to filing a successive petition, even if it contains new claims.   *See* 28 U.S.C. § 2244(b)(2) and (3) (setting out circumstances under which a second or successive habeas corpus application that presents new claims may be filed, and requiring that prior authorization be obtained before filing a successive petition).

Inasmuch as this federal habeas Petition is successive, and the Petitioner has not obtained prior authorization to file the Petition from the Eleventh Circuit Court of Appeals, it is the Recommendation of the undersigned that the Respondent=s Motion to Dismiss be **GRANTED**. *See Galloway v. McDonough*, 2006 WL 1371604 (N.D.Fla. May 17, 2006) (if a petitioner has not obtained prior authorization for filing a successive petition from the court of appeals, the district court is obliged to dismiss the successive habeas petition).   Pursuant to 28 U.S.C. ' 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. ' 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 18th day of October, 2012.

s/   ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE